# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>ONE 2004 CASE INTERNATIONAL COMPACT TRACTOR, MODEL D-35, SERIAL NO. HBA017288, ITS TOOLS AND APPURTENANCES,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 09-CV-0688 IEG (WMc)<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>[Doc. No. 8] |

　　　Presently before the Court is a motion for default judgment filed by the United States against one 2004 Case International Compact Tractor, Model D-35, Serial No. HBA017288, and its Tools and Appurtenances ("Defendant"). For the reasons stated herein, the motion is granted.

## BACKGROUND

**A.　Factual History**[1]

　　　On November 6, 2008, San Diego County Sheriff's Department ("SDSD") detectives served a search warrant at the property and residence located in the 37000 block of Regal Blue Trail in Anza, California ("the property"). The detectives served the warrant in furtherance of a criminal investigation into the commercial indoor marijuana cultivation operation then underway on the property.

---

[1] No claimant has responded to the motion for default judgment. Therefore, the Court relies on the facts as set forth in the complaint and the memorandum in support of default.

The property is located in a rural area, and at the time of the search it included a residence ("the residence"). Two metal sheds were situated just north of the residence, one of which was tan in color ("tan shed"). Underneath the tan shed, the surface of the land had been graded, manipulated, and leveled to accommodate the structure. Inside the tan shed, the SDSD detectives discovered approximately 567 marijuana plants under cultivation as well as the indicators of an extensive and sophisticated commercial indoor marijuana growing operation: an extensive network of environmental control devices designed to support a large scale, indoor agricultural production effort; large industrial grow lights installed above the planting areas; operational automatic irrigation systems; an air conditioning system and complete duct network providing ventilation and cooling. Beside the tan shed, in a two-room cement block outbuilding, the detectives found a large diesel-powered electrical generator which provided the large amount of electricity to support the lighting, cooling, and irrigation systems of the marijuana growing operation.

Inside the residence, the detectives found and seized approximately 357 grams of high quality marijuana, scales used to weigh marijuana, a stock of marijuana seeds, marijuana pollen vials, a marijuana seed kit, concentrated cannabis, and a concentrated cannabis funnel. The detectives also found written records documenting marijuana sales, receipts for the purchase of marijuana cultivation and production supplies, and instructional literature relative to the cultivation of marijuana. Moreover, inside the residence detectives recovered documents indicating Travis Grant Ashbrook, Sr. (" Ashbrook, Sr.") resided there.

Detectives also searched the home of Travis Grant Ashbrook, Jr. ("Ashbrook, Jr."), the adult son of Ashbrook, Sr., located in the 56000 block of Mitchell Road in Anza, California. Inside the Ashbrook, Jr. residence, the detectives located and seized over 11 pounds of concentrated cannabis and written records documenting marijuana sales.

The detectives advised Ashbrook, Sr. of his Fifth Amendment rights to remain silent and to counsel. He waived his rights and agreed to be interviewed by detectives. He admitted operating the indoor marijuana growing operation in the tan shed for the past three years, and stated he and his son had used Defendant tractor to grade a portion of the property. After the grading was completed, Ashbrook, Jr. built the tan shed upon the level land. Ashbrook, Sr. stated he had invested

1  approximately $100,000.00 to build and equip the shed for commercial indoor marijuana production,
2  and that he and his son were partners in the cultivation and distribution of marijuana.

3  **B.  Procedural History**

4  On April 6, 2009, the United States filed a complaint for forfeiture against Defendant. (Doc.
5  No. 1.)  On April 15, 2009, an a United States Marshal seized, arrested, and took possession
6  Defendant pursuant to the Court's April 6, 2009 Order appointing the United States Marshal as
7  Defendant's custodian. (Doc. No. 3; Memo. ISO Motion at 2.)  On April 7, 2009 the United States
8  served a notice of complaint and a copy of the complaint for forfeiture upon Ashbrook, Sr. and
9  Ashbrook, Jr. by certified mail. (Memo. ISO Motion at 2.)  Neither individual filed a claim or an
10 answer to the complaint. (Id.)  On April 7, 2009, notice of the civil forfeiture action was posted on
11 an official government website, www. forfeiture.gov, for at least 30 consecutive days, and on May 6,
12 2009, a declaration of publication was issued.

13 On June 10, 2009, the United States requested the Clerk of Court to enter default against
14 Defendant; the Clerk entered default on June 10, 2009. (Doc. Nos. 6, 7.) On June 16, 2009 the United
15 States served and filed this motion for default judgment. (Doc. No. 8.)  Neither Ashbrook, Sr. nor
16 Ashbrook, Jr. have filed an opposition to the motion. The Court finds the matter fully briefed and
17 appropriate for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).

18 **DISCUSSION**

19 **A.  Legal Standard**

20 Federal Rule of Civil Procedure 55 describes a two-step process by which a default judgment
21 may be entered where the defendant is not an infant, incompetent person, or the United States
22 government. See Fed. R. Civ. P. 55(a), (b) (2008); Bach v. Mason, 190 F.R.D. 567, 574 (D. Idaho.
23 1999); see also Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986).  First, under Rule 55(a), a
24 plaintiff may request the clerk to enter a default against a party upon a showing that the party "has
25 failed to plead or otherwise defend as provided by these rules. . . ." Fed. R. Civ. P. 55(a). After entry
26 of default, and upon application by the plaintiff, a default judgment may then be entered by the clerk
27 or by the Court pursuant to Rule 55(b). See Fed. R. Civ. P. 55(b) (2008).
28 ///

Granting a default judgment is left to the sound discretion of the Court. See <u>First Idaho Corp. v. Davis</u>, 867 F.2d 1241, 1242 (9th Cir. 1989). The Court, in exercising its discretion, is free to consider the following factors: (1) the substantive merits of the plaintiff's claim; (2) the sufficiency of the complaint; (3) the amount of money at stake; (4) the possibility of prejudice to the plaintiff if relief is denied; (5) whether default was the result of excusable neglect; and (6) the strong policy of the Federal Rules that favors decisions on the merits. <u>Eitel</u>, 782 F.2d at 1471-72.

**B.     Analysis**

A judicial proceeding for civil forfeiture begins with the filing of a complaint for forfeiture. Once the United States files the complaint a person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. Fed. R. Supp. Adm. Maritime Claims G(5) (2009) ("Rule G").[2] The claim must be filed "by the time stated in a direct notice," which in this case the government properly set for 35 days from the mailing of the notice, as provided by Rule G. (Memo. ISO Motion at 4-5.) After the potential claimant files a claim, he or she is required to file an answer to the complaint within 20 days of filing the claim. 18 U.S.C. § 983(a)(4)(B) (2009); Fed. R. Supp. Adm. Maritime Claims G(5)(b) (2009).

On April 6, 2009, the United States filed its complaint for forfeiture, and on April 7, 2009, notice and a copy of the complaint were sent by certified mail to the Ashbrooks at the residence. The government also sent notice by certified mail to Ashbrook, Jr. at the Southwest Detention Center in Murrieta, California, and to Ashbrook, Sr. care of attorney Jerry A. Van Wagen, Jr. (Memo. ISO Motion at 2.) The United States posted a notice of civil forfeiture action on an official government forfeiture website for at least 30 consecutive days, beginning on August 19, 2008. (Memo ISO Motion at 2.) On May 6, 2009, a Declaration of Publication was issued.[3] (<u>Id.</u>) The Ashbrooks did

---

[2] *In rem* forfeitures are conducted in accordance with the Supplemental Rules for Certain Admiralty and Maritime Claims. <u>United States v. Real Property at 2659 Roundhill Dr., Alamo, Cal.</u>, 283 F.3d 1146, 1148 n. 2 (9th Cir. 2002).

[3] The government must publish notice of the forfeiture action, and must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim. Fed. R. Supp. Adm. Maritime Claims G(4) (2009). The notice must be sent by means reasonably calculated to reach the potential claimant. <u>Id.</u> Notice may be sent to the attorney representing the potential claimant with respect to the seizure of property or in a related investigation, administrative forfeiture proceeding,

not file a claim or an answer to the complaint. Therefore, the Court finds there has been no timely claim to the Defendant item.

The United States argues that forfeiture, and therefore default judgment, is proper because it has complied with 18 U.S.C. § 983(c). (Memo. ISO Motion at 5-6.) Section 983(c) permits civil forfeiture of property upon the government's showing by a preponderance of the evidence that the property is subject to forfeiture and that there is a substantial connection between the property and a criminal offense. Specifically, the United States argues Defendant was used, or intended for use, to transport, or to facilitate the transportation, sale, receipt, possession and concealment of a controlled substance in violation of Chapter 13, Title 21 of the United States Code,[4] and that under 21 U.S.C. § 881, such vehicles are subject to forfeiture to the United States.

Before an asset may be forfeited under the Civil Asset Forfeiture Reform Act ("CAFRA"), the government must prove by a preponderance of the evidence that forfeiture is warranted. 18 U.S.C. § 983(c)(1) (2009); <u>United States v. $100,348</u>, 354 F.3d 1110, 1116 (9th Cir. 2004). In this case the United States has carried its burden. The United States has offered uncontested proof in a verified complaint that Defendant was used, or intended for use, to transport, or to facilitate the transportation, sale, receipt, possession and concealment of a controlled substance.[5] (Compl., ¶ 3.) SDSD detectives discovered Defendant, which Ashbrook, Sr. admitted was used to grade a portion of the property upon which Ashbrook, Jr. erected the tan shed the Ashbrooks used for commercial indoor marijuana

---

or criminal case. <u>Id.</u> Notice sent to a potential claimant who is incarcerated must be sent to the place of incarceration. <u>Id.</u> Although the notice sent to Ashbrook, Jr. at the residence was returned as undeliverable, and the notice sent to him at the Southwest Detention Center was refused because he was not in custody, the Court finds the government's attempt to reach Ashbrook, Jr. at these two addresses by certified mail was "reasonably calculated" to reach Ashbrook, Jr. under Rule G. As to Ashbrook, Sr., the Court finds the use of certified mail with confirmed delivery to Mr. Van Wegen on Ashbrook, Sr.'s behalf, and an attempted delivery at the residence were reasonable efforts to notify Ashbrook, Sr. The government also satisfied the publication requirement by posting a notice on an official government forfeiture website for at least 30 days.

[4] Chapter 13 (21 U.S.C. § 801 *et seq.*) governs "Drug Abuse Prevention and Control."

[5] Nancy Zuniga-Ryan is a Drug Enforcement Administration Task Force Officer. Ms. Zuniga-Ryan discussed the investigation resulting in Defendant's seizure with the relevant law enforcement personnel, and has read and reviewed the reports and materials generated pursuant to their investigation. Zuniga-Ryan's verification of the Complaint declares under penalty of perjury that the information in the complaint "is personally known to [her], or was learned by [her] after consulting other law enforcement officers or other official government sources" and that she believes the allegations therein to be true. (Zuniga-Ryan Verification ISO Compl. ¶¶ 1-3.)

1 production. Pursuant to 21 U.S.C. § 881(a)(4), Defendant is therefore subject to forfeiture.[6] The government's evidence also establishes by a preponderance of the evidence that there was a substantial connection between Defendant and a criminal offense, as required by 18 U.S.C. § 983(c)(3).[7]

The verified complaint sets forth uncontested facts demonstrating that Defendant was used, or intended for use, to transport, or to facilitate the transportation, sale, receipt, possession and concealment of a controlled substance. Eitel, 782 F.2d at 1471-72 ("Factors which may be considered by courts exercising discretion as to the entry of default judgment include ... the merits of plaintiff's substantive claim, . . . the sufficiency of the complaint, . . . [and] the possibility of a dispute concerning material facts."). The United States has also alleged facts demonstrating its compliance with federal notice requirements. (See Memo. ISO Motion at 2.) The United States further published notice of seizure on www.forfeiture.gov for at least 30 consecutive days on April 7, 2009. (Id.) However more than three months later, no claim or answer has been filed. The Court may consider whether default was due to excusable neglect, Eitel, 782 F.2d at 1471-72, but finds that excusable neglect was not a factor in the present default. Thus, on balance, the Court finds that default judgment is appropriate.

///
///
///
///
///
///

---

[6] 21 U.S.C. § 881(a)(4) (2009) provides, "[a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances or related materials]" shall be subject to forfeiture by the United States.

[7] In an action brought under any civil forfeiture statute for the civil forfeiture of any property, "if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3) (2009).

**CONCLUSION**

For the reasons set forth herein, the Court **GRANTS** the motion for default judgment. **IT IS HEREBY ORDERED** that the Clerk of Court shall enter a judgment of forfeiture against the Defendant item: One 2004 Case International Compact Tractor, Model D-35, Serial No. HBA017288, and its Tools and Appurtenances. **IT IS FURTHER ORDERED** that any and all right, title, and interest of all potential claimants in Defendant item is forfeited to the United States of America. The United States Marshal Service and/or a designated custodian shall dispose of defendant property in accordance with the law.

**IT IS SO ORDERED.**

**DATED:  August 3, 2009**

*[signature: Irma E. Gonzalez]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**